UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALISON MATTIA,                                    12 CIV 3972 (HB)(AJP)


                              Plaintiff,


          -against-


FERRARA FOODS & CONFECTIONS, INC.,
FERRARA BAKERY & CAFÉ INC., and ERNEST
LEPORE, *jointly and severally*,


                              Defendants.
-------------------------------------------------------------------X


           DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
             TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


*Of counsel*
Joseph M. Labuda
Matthew A. Brown


                    MILMAN LABUDA LAW GROUP PLLC
                    *     *     *     *
                    3000 MARCUS AVE., SUITE 3W8
                    LAKE SUCCESS, NY 10042
                    (516) 328-8899

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................1

STANDARD ..............................................................................................2

FACTS .......................................................................................................3

ARGUMENT ..............................................................................................4

POINT I

PLAINTIFF WAS EMPLOYED IN A BONA FIDE EXECUTIVE CAPACITY ..........4

POINT II
    ASSUMING ARGUENDO THAT PLAINTIFF IS NOT EXEMPT, SHE IS NOT
    ENTITLED TO SUMMARY JUDGEMNT BECAUSE THERE IS AN ISSUE OF
    FACT CONCERNING THE HOURS SHE WORKED .............................................14

POINT III
    DEFENDANTS WERE NOT JOINT EMPLOYERS OF PLAINTIFF ...................17

POINT IV
    DEFENDANTS DID NOT VIOLATE THE WAGE THEFT PREVENTION ACT
    ................................................................................................................18

POINT V
    PLAINTIFF IS NOT ENTITLED TO FEDERAL AND STATE LIQUIDATED
    DAMAGES .............................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Adams v. Niagara Mohawk Power Corp., 2008 U.S. Dist. LEXIS 76375
  (N.D.N.Y. Sept. 30, 2008) ...................................................................................... 16
Barfield v. N.Y. City Health and Hosps. Corp., 537 F.3d 132 (2d Cir. 2008) ..................... 13
Brumbelow v. Quality Mills, Inc., 462 F.2d 1324 (5th Cir. 1972) ........................................ 15
Canela-Rodriguez v. Milbank Real Estate, No. 09 CV 6588 (JSR), 2010 U.S. Dist. LEXIS
  98884, 2010 WL 3701309, at *2 (S.D.N.Y. Sept. 20, 2010) ............................................ 14
Carter v. Dutchess Cmty. Coll., 735 F.2d 9 (2d Cir. 1984) .................................................. 17
Coach, Inc. v. Horizon Trading USA Inc., 2012 U.S. Dist. LEXIS 160528,
  11 (S.D.N.Y. Nov. 7, 2012) ............................................................................... 6, 18
Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) ........ 5
Davis v. Food Lion, 792 F.2d 1274, 1277 (4th Cir. 1986) .................................................... 15
Donovan v. Burger King Corp., 675 F.2d 516 (2d Cir. 1982) ................................................. 8
Flannigan v. Vulcan Power Group, L.L.C., 712 F. Supp. 2d 63 (S.D.N.Y. 2010) ............... 17
Forrester v. Roth's IGA Foodliner, Inc., 646 F.2d 413 (9th Cir. 1981) ................................. 15
Gordon v. Rite Aid Corp., 2012 U.S. Dist. LEXIS 54071 (S.D.N.Y. Mar. 9, 2012) ....... 10,11
Gunawan v. Sake Sushi Rest., 2011 U.S. Dist. LEXIS 96639, 12
  (E.D.N.Y. Aug. 26, 2011) ...................................................................................... 14
Harvill v. Westward Communs., L.L.C., 433 F.3d 428 (5th Cir. Tex. 2005) ....................... 16
Herman v. RSR Sec. Servs. Ltd., 172 F. 3d 132 (2d. Cir. 1999) .......................................... 17
Holzapfel v. Town of Newburgh, 145 F. 3d 516 (2d Cir. 1998) ............................................ 16
Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709106 S. Ct. 1527,
  89 L. Ed. 2d 739 (1986) ........................................................................................ 13
Indergit v. Rite Aid Corp., No. 08-CV-11364 (PGG), 2010 U.S. Dist. LEXIS
  32322, at *14 (S.D.N.Y. Mar. 31, 2010) .............................................................. 13
Jackson v. Jean Coutu Group (PJC) USA, Inc., 2007 U.S. Dist. LEXIS 46305,
  at *12 (S.D. Ga. June 26, 2007) ........................................................................... 13
Johnson v. Big Lots Stores, Inc., 604 F. Supp. 2d 903 (E.D. La. 2009) ............................... 13
Magnoni v. Smith and Laquercia, LLP, 661 F. Supp. 2d 412 (S.D.N.Y. 2009) ................... 14
Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,
  106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ............................................................... 2
Newton v. City of Henderson, 47 F.3d 746, 748 (5th Cir. 1995) .......................................... 15
Perez v. RadioShack Corp., 386 F.Supp.2d 979 (N.D. Ill. 2005) ......................................... 10
Pippins v. KPMG LLP, 2012 U.S. Dist. LEXIS 173918,
  62 (S.D.N.Y. Nov. 29, 2012) .................................................................................. 5
Prince v. MND Hospitality, Inc., 2009 U.S. Dist. LEXIS 61637
  (S.D. Tex. July 20, 2009) ....................................................................................... 16
Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 560 (2d Cir. 2012) ........................ 6,9
Rodriguez v. Metropolitan Cable Communications, Inc., 2011 N.Y. Misc. LEXIS 6016,
  *9 (N.Y. Sup. Ct. July 26, 2011) ........................................................................... 17
Rubery v. Buth-Na-Bodhaige, Inc., 470 F. Supp. 2d 273 (W.D.N.Y. 2007) ....................... 10

SEC v. Batterman, No. 00 Civ. 4835 (LAP), 2002 U.S. Dist. LEXIS 18556, at *14
    (S.D.N.Y. Sept. 30, 2002) .................................................................................... 6, 18
Schremp v. Langlade County, 2012 U.S. Dist. LEXIS 106344, 6-7
    (E.D. Wis. July 31, 2012) ........................................................................................ 15
Scott v. SSP Am., Inc. U.S. Dist. LEXIS 32819, 23-24 (E.D.N.Y. Mar. 29, 2011) .......... 7, 11
Stern v. Trustees of Columbia Univ. in City of New York, 131 F.3d 305
    (2d Cir. 1997) ............................................................................................................ 3
Terry v. Ashcroft, 336 F.3d 128 (2d Cir. 2003) ....................................................................... 2
Thomas v. Speedway SuperAm., LLC, 506 F.3d 496 (6th Cir. 2007) .................................... 9
United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962) ............. 2
United States v. Sabhnani, 599 F.3d 215, 259 (2d Cir. N.Y. 2010)
    (citing 29 U.S.C. § 260) ........................................................................................... 19
Walling v. Woodruff, 49 F. Supp. 52, 56 (C.C. Ga. 1942) .................................................... 15

**Statues**

Fed. R. Civ. P. 56 ............................................................................................................ 1
Fed. R. Civ. P. 56(c) ........................................................................................................ 2
29 C.F.R. § 541.100(a) (2004) ...................................................................................... 5,6
29 C.F.R. § 541.103(c) .................................................................................................... 9
Fed. R. Civ. P. 36(a)(3) .................................................................................................. 17

## PRELIMINARY STATEMENT

Plaintiff's summary judgment motion is a complete waste of time and judicial resources since substantial issues of material fact exist.

Defendants, Ferrara Foods & Confections, Inc., Ferrara Bakery & Café Inc., and Ernest Lepore, (collectively "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiff, Alison Mattia's ("Plaintiff") motion for partial summary judgment under Fed. R. Civ. P. 56.

Plaintiff contends that Defendants have failed to pay her overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). However, Plaintiff was not entitled to overtime pay based on two (2) separate and distinct grounds.  First, Plaintiff was employed in an exempt position earning $1,200 per week and not entitled to overtime.  Specifically, Plaintiff was employed at Ferrara Bakery & Café as the manager of the gelato department.  She was in charge of the entire gelato department (both production and service) that consisted of approximately 10 full-time employees. Accordingly, Plaintiff was an exempt employee who was properly paid a weekly salary of $1,200 without any overtime pay required. Second, even assuming *arguendo* that Plaintiff was a non-exempt employee (which she was not), Plaintiff failed to follow Defendants' time-keeping system by not punching in/out as required for all exempt and non-exempt employees and is now estopped from claiming overtime compensation.   Further, Defendants dispute the hours that Plaintiff claims that she worked.   Defendants claim that she worked from about 4:00/5:00 p.m. to 11:00 p.m./12:00 a.m.

1

Moreover, Defendants dispute that they all jointly employed Plaintiff.

Lastly, Defendants had a good faith basis to believe that Plaintiff was an exempt employee and should not be required to pay any liquidated damages in the unlikely event that Plaintiff prevails in establishing liability.

Based on the facts presented by both sides, it is clear that the ultimate questions in this case are issues of fact making summary judgment inappropriate.   Therefore Plaintiff's motion for summary judgment must be denied.

## **STANDARD**

It is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute such that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present a case to the jury, the Court should only grant summary judgment "on the basis that no genuine issue remains for trial because it is quite clear what the truth is." In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009) (internal quotation marks and citations omitted). In addition, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)); see also Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (stating that "[i]n determining whether there are genuine issues of material fact, we are 'required to resolve all ambiguities and draw

all permissible factual inferences in favor of the party against whom summary judgment is sought'") (quoting <u>Stern v. Trustees of Columbia Univ. in City of New York</u>, 131 F.3d 305, 312 (2d Cir. 1997)).

Here, as discussed below, it is clear that issues of material fact exist which warrant the denial of Plaintiff's motion for summary judgment.

## <u>FACTS</u>

In or around September 2011, Plaintiff was hired as the gelato manager at Ferrara's. She was hired based on her skills and previous work experience as an owner and/or manager of other gelato establishments, in order to meet Ferrara's goals of expanding their gelato program (e.g., creating a production facility in New Jersey, partnering with national brands, selling product nationwide in grocery stores, and creating a bigger presence in New York City).

As gelato manager, Plaintiff was in charge of running all aspects of the gelato department, including production and service. She was responsible for product development, which included creating new and/or improved gelato flavors and recipes, and developing step-by-step directions for producing each gelato product. Further, she was responsible for supervising not only production employees, but also gelato servers on a daily basis (approximately ten (10) in total). She also trained the servers on different areas including, presentation, serving sizes, and packing and repacking of gelato. Plaintiff also tracked inventory. In fact, the gelato department utilized over $100,000 worth of ingredients on an annualized basis. She also was responsible for ordering equipment and parts for gelato production.

Throughout her employment, Plaintiff had authority to hire and fire employees for the gelato department, discipline employees, and recommend either discipline or hiring and firing of employees in her department. Such recommendations were utilized by Ferrara's, including when she recommended that Ernest Lepore ("Lepore"), the President of Ferrara's, not rehire two (2) former gelato production employees who had worked for her, Diego and Carlos.

Ferrara's paid Plaintiff $1,200 weekly, the equivalent of $60,000 annually. This amount did not change based on the hours Plaintiff work. Moreover, she was the second highest paid employee at Ferrara's.

At the outset of her employment, Plaintiff submitted a job application, signed a confidentiality agreement, was provided and agreed in writing to Ferrara's Rules and Regulations. These Rules and Regulations required that Plaintiff punch in/out during her employment, and Plaintiff was even shown how to use the time card system. However, she failed to punch in/out as required. Nonetheless, she only worked from approximately 4:00/5:00 p.m. to 11:00 p.m./12:00 a.m. on those days that she did work. [1]

## ARGUMENT

### POINT I
### PLAINTIFF WAS EMPLOYED IN A BONA FIDE EXECUTIVE CAPACITY

To qualify for the executive exemption, (1) an employee must be compensated on a salary basis at a rate not less than $455 per week; (2) an employee's primary duty must be managing the enterprise, or managing a "customarily recognized department or subdivision of the enterprise"; (3) the employee must "customarily and regularly direct

---

[1] A full recitation of the facts concerning Plaintiff's employment with Defendants is included in Defendants Rule 56.1 Response and Counter-Statement of Material Facts.

the work of at least two or more other full-time employees or their equivalent"; and (4) the employee "must have the authority to hire or fire other employees" or that employee's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight." 29 C.F.R. § 541.100(a) (2004).  One recent court aptly analyzed the Supreme Court's explanation as to why Congress chose to exempt certain classes of employees from the FLSA's overtime requirements:

> The exemption is premised on the belief that exempt employees "typically earned salaries well above the minimum wage" and enjoyed other benefits that "se[t] them apart from the nonexempt workers entitled to overtime pay." It was also thought that exempt employees performed a kind of work that "was difficult to standardize to any time frame and could not be easily spread to other workers after 40 hours in a week, making compliance with the overtime provisions difficult and generally precluding the potential job expansion intended by the FLSA's time-and-a-half overtime premium." Petitioners—each of whom earned an average of more than $70,000 per year and spent between 10 and 20 hours outside normal business hours each … are hardly the kind of employees that the FLSA was intended to protect ...

Pippins v. KPMG LLP, 2012 U.S. Dist. LEXIS 173918, 62-64 (S.D.N.Y. Nov. 29, 2012) (citing Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2173, 183 L. Ed. 2d 153 (2012) (quoting 69 Fed. Reg. 22124) (other internal citations omitted)).  This is the exact premise that applies to Plaintiff.

In the instant case, as discussed in detail below, there is no doubt that Plaintiff was employed in a bona fide executive capacity.[2]

---

[2] It should be noted that Plaintiff effectively admitted to being an exempt employee.  On October 19, 2012, Defendants' served their Requests for Admissions which, inter alia, stated that Plaintiff "managed the gelati department" that her regularly performed duties included "expediting new recipes of gelati", "training staff", that she "customarily and regularly directed the work of at least two or more other full-time

**Plaintiff was compensated on a salary basis at a rate not less than $455 per week**

In the instant case, there is no doubt that Plaintiff meets the first prong of the exemption test. In order to enjoy the executive exemption, an employer must pay a salary of at least $455 per week. Ramos v. Baldor Specialty Foods, Inc., No. 10 Civ. 6271, 2011 U.S. Dist. LEXIS 66631, 2011 WL 2565330, at *5-7 (S.D.N.Y. June 16, 2011) (quoting 29 C.F.R. § 541.100(a)(1)).[3]

Here, Plaintiff was issued weekly paychecks in the amount of $1,200. She was, in fact, paid for all weeks during her employment. Moreover, her salary did not change depending on how many hours she worked.Therefore, this prong of the executive exemption has been satisfied.

**Plaintiff's primary duty was to manage the gelato department**

Plaintiff's primary duty was to manage the gelato department. The gelato department is and always has been a separate department at Ferrara's, and is not a fiction as Plaintiff asserts. In fact, there were approximately ten (10) employees who worked in the gelato department either producing, handling, or serving gelato.

i.   **Plaintiff was a manager**

---

employees," that she hired/fired gelati staff or effectively recommended their hiring/firing, and that her "recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight,", that she was "responsible for the ordering of ingredients and supplies for the gelati department," she was "responsible for setting the pay of the gelati department staff" and that she "set schedules for employees." Plaintiff failed to timely respond. Plaintiff's failure to timely respond is deemed an admission. A matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Where a party fails to do so, the matters of fact contained in the requests for admission are deemed admitted. Coach, Inc. v. Horizon Trading USA Inc., 2012 U.S. Dist. LEXIS 160528, 11-12 (S.D.N.Y. Nov. 7, 2012); see SEC v. Batterman, No. 00 Civ. 4835 (LAP), 2002 U.S. Dist. LEXIS 18556, at *14 (S.D.N.Y. Sept. 30, 2002) ("Rule 36 admissions may be used for Rule 56 summary judgment.")
[3] In New York, an executive must be paid $543.75. 12 NYCRR § 142-2.14(i)(5).

The Court in <u>Scott v. SSP Am., Inc.</u> defined management to include activities such as :

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

<u>Scott, 2011</u> U.S. Dist. LEXIS 32819, 23-24 (E.D.N.Y. Mar. 29, 2011) (citing 29 C.F.R. § 541.102 (2004)).

At Ferrara's, Plaintiff supervised the production of gelato and the growth of gelato sales while implementing practices on how to handle and clean the product and production equipment.

Further, Plaintiff was responsible for supervising the about six (6) gelato servers. Plaintiff trained and supervised servers on how to serve gelato, the correct portion size, how to pack gelato, proper cleaning of the gelato display, and instructed them to let her know when they were out of certain flavors.

Additionally, Plaintiff regularly set the schedule and directed the workloads for the gelato staff and created her own recipes. Plaintiff was also responsible for any

problems or customers complaints regarding gelato, including hair, broken cones, and serving sizes.

Moreover, Plaintiff was in charge of reordering or providing an inventory for the purposes of reordering gelato ingredients.

Importantly, Plaintiff apportioned the work among gelato department employees, and created a work schedule for herself and two (2) other production workers in 2012. Plaintiff also helped rebuild the gelato equipment, directed employees on how to display the gelato product, and was responsible for expanding the gelato program to the Union Square Café Farmers' Market.

Lastly, Plaintiff's job duties included hiring, firing, and disciplining employees. She even placed ads for new hires where she saw fit.

Although Plaintiff also performed non-exempt work such as making gelato, this is of no moment since her main responsibility was to manage the gelato department and its workers. The Second Circuit has held that managers who spend at least half their time on nonexempt, manual work where their managerial responsibilities were the "most important or critical to the success of the restaurant" are exempt from overtime. Donovan v. Burger King Corp., 675 F.2d 516, 521 (2d Cir. 1982). The Donovan Court explained:

> [I]t is clear that the restaurants could not operate successfully unless the managerial functions of Assistant Managers, such as determining amounts of food to be prepared, running cash checks, scheduling employees, keeping track of inventory, and assigning employees to particular jobs, were performed. For that reason, *as well as the fact that much of the oversight of the operation can be carried out simultaneously with the performance of non-exempt work*, we believe the principal or most important work of these employees is managerial.

Id. (emphasis added). Moreover, Courts have held that if an employee's failure to perform managerial duties would cause his or her unit to not function at all, because nobody else could perform such duties, then that is a clear indication that the individual is a manager. Thomas v. Speedway SuperAm., LLC, 506 F.3d 496, 505 (6th Cir. 2007) (finding that plaintiff's managerial duties, including hiring employees, training employees, and assigning the weekly work schedule, were more important than her other duties, which included stocking merchandise, sweeping floors, and cleaning bathrooms).

Therefore, Plaintiff was clearly a manager of Defendant.

### ii.   The Gelato Department is a customarily recognized department at Ferrara's

The regulations define "a customarily recognized department or subdivision as a unit that must have a permanent status and a continuing function, as opposed to a mere collection of employees assigned from time to time to a specific job or series of jobs." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 560 (2d Cir. 2012) (citing 29 C.F.R. § 541.103(a)) (internal quotations omitted).[4]

In this case, the gelato department is a separate and distinct department at Ferrara's and qualifies as a department under the FLSA.  First, the gelato department is

---

[4]   The regulations provide the illustrative example of "a large employer's human resources department," which "might have subdivisions for labor relations, pensions and other benefits, equal employment opportunity, and personnel management, each of which has a permanent status and function." Id. However, the regulations go on to explain that the concept of a customarily recognized department or subdivision is flexible: each unit "need not be physically within the employer's establishment and may move from place to place," and merely because an "employee works in more than one location does not invalidate the exemption if other factors show that the employee is actually in charge of a recognized unit with a continuing function in the organization." Id. § 541.103(c). In addition, "[c]ontinuity of the same subordinate personnel is not essential to the existence of recognized unit with a continuing function": An otherwise exempt employee will not lose the exemption merely because the employee draws and supervises workers from a pool or supervises a team of workers drawn from other recognized units, if other factors are present that indicate that the employee is in charge of a recognized unit with a continuing function. Id. § 541.103(d).

located in several locations dedicated exclusively to the production and service of gelato. The gelato production is performed in a separate area at Ferrara's apart from the bakery. The actual service of gelato takes place in separate counters inside and outside the store. Further, gelato (as opposed to baked goods) is exclusively sold at Ferrara's Central Park Kiosk. Moreover, Plaintiff was assigned the task of creating sites to sell gelato (again as opposed to baked goods) at farmer's markets in New York City. Additionally, Plaintiff was involved in the planning of creating a larger gelato production facility in New Jersey, partnering with national brands, selling product nationwide in grocery stores, and the overall growth of the gelato department.

Accordingly, it is clear that the second prong of the executive exemption has been satisfied.

### iii. <u>Plaintiff directed the work of at least two or more other full-time employees</u>

In order to meet the exemption, an individual must direct the work of at least two (2) full-time employees. <u>Gordon v. Rite Aid Corp.</u>, 2012 U.S. Dist. LEXIS 54071 (S.D.N.Y. Mar. 9, 2012) (citing 29 C.F.R. §541.100(a)(3)). That is, an employee must direct at least 80 hours of subordinate work a week to be exempt. <u>Rubery v. Buth-Na-Bodhaige</u>, Inc., 470 F. Supp. 2d 273, 277 (W.D.N.Y. 2007); <u>Perez v. RadioShack Corp.</u>, 386 F.Supp.2d 979, 989 (N.D. Ill. 2005).

In the instant case, the facts clearly establish that Plaintiff was the manager of the gelato department and managed the work of approximately ten (10) employees either producing, handling, or serving gelato. Plaintiff also supervised an employee at Ferrara's kiosk at Central Park and trained the employee and monitored his work.

Moreover, when Plaintiff started her employment, she was told she would be supervising "Diego" and "Carlos" in producing gelato. Once Diego and Carlos quit, their positions were filled by other employees including "Eduardo", who also made gelato. Until Plaintiff found other full-time replacements for Diego and Carlos, she used other employees (approximate equivalent of two (2) full time employees or four (4) part-time employees) to help with production of gelato and cleaning the equipment used. During her employment, Plaintiff also supervised Eduardo, Franco and Ray Russo, all of whom produced gelato, and Palsme Remerez, an overlapping dishwasher.

Based on the above, the facts unequivocally demonstrate that Plaintiff managed the work of substantially more than two (2) employees.

### iv. <u>Plaintiff had authority to hire or fire employees</u>

The final prong of the executive exemption test is whether Plaintiff was an employee who had "the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [were] given particular  weight." <u>Scott v. SSP Am., Inc.</u>, 2011 U.S. Dist. LEXIS 32819, 47-48 (E.D.N.Y. Mar. 29, 2011) (citing 29 C.F.R. § 541.100); <u>see also</u> <u>Gordon v. Rite Aid Corp.</u>, 2012 U.S. Dist. LEXIS 54071, 30 (S.D.N.Y. Mar. 9, 2012) (citing 29 C.F.R. §541.100(a)(4)). Further, "[a]n employee's suggestions and recommendations may still be deemed to have 'particular weight' even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." <u>Scott</u>, 2011 U.S. Dist. LEXIS 32819 at 47-48  (citing 29 C.F.R. § 541.105).

Here, Plaintiff had the power to hire and fire employees and/or recommend the hiring and firing of employees in the gelato department; her recommendations were followed.  In fact, at a manager meeting, she was told that she needed to hire more individuals for gelato production, to which she responded that she was trying to find workers. Moreover, Lepore requested that Plaintiff hire employees and create job postings, since she had the authority to hire and fire employees without checking with him. She was permitted to, and actually did, post for job applicants, interview them, and hire them if she felt they were qualified. Plaintiff also had the authority to hire and fire gelato servers.

Lepore also took Plaintiff's advice regarding hiring and firing. In fact, he declined to rehire Carlos and Diego, two (2) employees who Plaintiff previously supervised in producing gelato at Ferrara's, based on her recommendation. Diego and Carlos quit because they did not like working under Plaintiff, and all the instructions and critiques she repeatedly gave them. Plaintiff even concedes that they quit because they did not like her supervising them. When they quit, Lepore spoke with Plaintiff about hiring replacements, and told her to hire gelato production employees so that she could focus on partnering with national brands, moving gelato production to a larger facility in New Jersey, distributing gelato products into supermarkets, and expanding gelato presence in New York City.

Furthermore, Plaintiff verbally disciplined several gelato servers about not properly serving gelato and not serving the proper portions. She also provided performance evaluations of gelato servers to Lepore, who listened to her advice regarding discipline, including when they had trouble with the service of gelato.

12

Based on the above, Plaintiff claerly had the power to hire and fire employees and/or recommend the hiring and firing of employees at Ferrara's.

**i.  <u>Conclusion</u>**

Courts have held that the determination of whether an employee is exempt from the overtime requirements of the FLSA is a "highly fact intensive inquiry that must be made on a case-by-case basis in light of the totality of the circumstances." <u>Johnson v. Big Lots Stores, Inc.</u>, 604 F. Supp. 2d 903, 908 (E.D. La. 2009) (citations omitted); <u>see</u> <u>also</u> <u>Barfield v. N.Y. City Health and Hosps. Corp.</u>, 537 F.3d 132, 141-42 (2d Cir. 2008) ("employment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" (citation omitted)). "[D]isputes regarding the nature of an employee's duties are questions of fact." <u>Indergit v. Rite Aid Corp.</u>, No. 08-CV-11364 (PGG), 2010 U.S. Dist. LEXIS 32322, at *14-15 (S.D.N.Y. Mar. 31, 2010) (citation and internal quotation marks omitted); <u>Icicle Seafoods, Inc. v. Worthington</u>, 475 U.S. 709, 714, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986) ("The question of how the respondents spent their working time . . . is a question of fact.")).  In this case, there are issues of material fact on every essential element of Plaintiff's exempt status.

Moreover, Plaintiff does not address the fourth and final factor of the primary duty test — the relationship between the employee's salary and the wages paid to nonexempt employees performing similar work. See <u>Jackson v. Jean Coutu Group (PJC) USA, Inc.</u>, 2007 U.S. Dist. LEXIS 46305, at *12-13 (S.D. Ga. June 26, 2007). However, it is clear that the facts weigh in favor of Defendants on this issue since there were no comparable employees performing Plaintiff's duties.

Accordingly, Plaintiff's ill advised motion for summary judgment must be denied.

**POINT II**
**ASSUMING ARGUENDO THAT PLAINTIFF IS NOT EXEMPT, SHE IS NOT ENTITLED TO SUMMARY JUDGEMNT BECAUSE THERE IS AN ISSUE OF FACT CONCERNING THE HOURS SHE WORKED**

Assuming *arguendo* that Plaintiff was somehow non-exempt (which she clearly was not), summary judgment cannot be granted because a dispute exists concerning the hours that she claims to have worked.  Moreover, she is estopped from claiming overtime pay because she failed to comply with Defendants' time-recording system.

### i. Plaintiff worked substantially less hours than what she claims

Where, as here, the hours allegedly worked are disputed, there is an issue of fact which requires denial of a plaintiff's motion for summary judgment.  Gunawan v. Sake Sushi Rest., 2011 U.S. Dist. LEXIS 96639, 12-13 (E.D.N.Y. Aug. 26, 2011) (citing Canela-Rodriguez v. Milbank Real Estate, No. 09 CV 6588 (JSR), 2010 U.S. Dist. LEXIS 98884, 2010 WL 3701309, at *2 (S.D.N.Y. Sept. 20, 2010) (conflicting testimony as to hours worked must be resolved in favor of the non-moving party on a summary judgment motion); Magnoni v. Smith and Laquercia, LLP, 661 F. Supp. 2d 412, 417 (S.D.N.Y. 2009) (denying employer's motion for summary judgment because "the number of hours. . . worked is a question of fact").

Despite Plaintiff's contentions, the record shows that Plaintiff worked from about 4:00/5:00 pm to 11:00p.m./12:00 a.m. on days that she worked. In fact, she actually left prior to 10:00 p.m. many times. Since there is a dispute concerning the hours she worked, Plaintiff's motion for summary judgment must be denied.

### ii. To the extent that Plaintiff underreported her work hours she is estopped from claiming unpaid wages

Employers have the right to require employees to keep track of their work time, and where an employee elects to under-report his or her work time, the employer is not liable for the failure to pay unreported overtime. See Schremp v. Langlade County, 2012 U.S. Dist. LEXIS 106344, 6-7 (E.D. Wis. July 31, 2012); Walling v. Woodruff, 49 F. Supp. 52, 56 (C.C. Ga. 1942) ("An employer does not violate the act or the regulation by relying in good faith upon employees to keep and report their own time and by using the record so made as the record of time required by the regulation, if neither the employer or his agents do or say anything to cause the employees to keep an incorrect record."); Forrester v. Roth's IGA Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981)  (granting summary judgment to the employer because the employee turned in timesheets which did not include the overtime hours and the employee did not demonstrate that the employer should have known that the employee worked more hours than claimed on her timesheets); Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972) (finding that employee was estopped from claiming that she worked more hours than she claimed on her timesheets); Newton v. City of Henderson, 47 F.3d 746, 748-49 (5th Cir. 1995) (reversing FLSA award based on constructive knowledge where employer paid employee based on employee completed timesheets); Davis v. Food Lion, 792 F.2d 1274, 1277-78 (4th Cir. 1986) (affirming judgment for employer where employee falsified time records to under-report time).

In this case, Plaintiff created a schedule for her hours when working at Ferrara's. This schedule evidences not only that Plaintiff set her own work hours, but that she scheduled herself to work exactly forty (40) hours per week.  Plaintiff is estopped form now claiming that she underreported her work time.

15

### iii. Plaintiff failed to follow Defendants' time-keeping system

An employee cannot perform overtime work without the employer's knowledge or contrary to its instructions and then assert a right to be paid. If "the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the FLSA] § 207." Prince v. MND Hospitality, Inc., 2009 U.S. Dist. LEXIS 61637 (S.D. Tex. July 20, 2009) (citing Harvill v. Westward Communs., L.L.C., 433 F.3d 428, 441 (5th Cir. Tex. 2005).

Further, "[w]hile an employer must pay for work it suffers or permits, an employer cannot suffer or permit an employee to perform services about which the employer knows nothing. " Holzapfel v. Town of Newburgh, 145 F. 3d 516, 524 (2d Cir. 1998).

Here, Plaintiff was provided with and signed the rules and regulations of Defendants which required all employees to clock in and out.[5] Upon being hired, she was given a punch code and trained on how to use the time clock mechanism. There is a record of Plaintiff punching in once. Further, Plaintiff saw other employees punching in and out on a hand scan machine. In fact, she knew there was a time clock, and that she was required to punch in and out, but she failed to do so. Thus, it was Plaintiff's own choice to not follow the rules and regulations of Defendants and did not keep track of her time (except for the schedule as discussed above).

---

[5] "[T]he fact that an employer keeps records of its employee's hours, by itself, has no bearing on that employee's status as a salaried worker." Adams v. Niagara Mohawk Power Corp., 2008 U.S. Dist. LEXIS 76375 (N.D.N.Y. Sept. 30, 2008). In other words, the tracking or accounting of actual hours worked by exempt employees does not violate the "salary basis" requirements.  DOL Wage & Hour Division Opinion Letter, 2003 DOLWH LEXIS 3, 2003 WL 23374601 (July 9, 2003).

Moreover, the schedule that Plaintiff created regarding hours worked only indicated that she would work forty (40) hours, as discussed above. She did not give Defendants any notice that she was working more hours than that.

Accordingly, she is now estopped from claiming that she worked any overtime.

## POINT III
## DEFENDANTS WERE NOT JOINT EMPLOYERS OF PLAINTIFF

To establish that an individual was employed by more than one (1) employer, plaintiff must establish that each defendant "possessed the power to control the workers in question." Herman v. RSR Sec. Servs. Ltd., 172 F. 3d 132, 139 (2d. Cir. 1999). The factors that courts consider in making this determination are whether the alleged employer "(1) had the power to hire and fire the employees; (2) supervised and controlled the employee work schedules or schedules of employment; (3) determined the rate and method of payment, and (4) maintained employment records." Herman, 172 F. 3d at 139 quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 9, 12 (2d Cir. 1984). Courts apply this analysis to both FLSA and NYLL claims. See Flannigan v. Vulcan Power Group, L.L.C., 712 F. Supp. 2d 63, 69 (S.D.N.Y. 2010); Rodriguez v. Metropolitan Cable Communications, Inc., 2011 N.Y. Misc. LEXIS 6016, *9 (N.Y. Sup. Ct. July 26, 2011).

In this action, Plaintiff was employed and paid by Ferrara Foods & Confections, Inc. and not Ferrara Bakery & Café, Inc.[6] Accordingly, Plaintiff admitted that she was

---

[6] Moreover, on October 19, 2012, Defendants served their Requests for Admissions which, *inter alia*, stated that Plaintiff was hired by Ferrara Foods and not Ferrara Bakery or Ernest Lepore, employed by Ferrara Foods and not Ferrara Bakery or Ernest Lepore, worked under the direction and control of Ferrara Foods and not Ferrara Bakery or Ernest Lepore, was paid wages by Ferrara Foods and not Ferrara Bakery or Ernest Lepore, was hired and fired by Ferrara Foods and not Ferrara Bakery or Ernest Lepore, and that her hours of work were scheduled by Ferrara Foods and not Ferrara Bakery or Ernest Lepore. Plaintiff failed to timely respond. As such, Plaintiff's failure to timely respond is deemed an admission. A matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Where a party fails

hired and fired by Ferrara Foods & Confections, Inc., she was employed by that company, she worked under the direction and control of that company, she was paid wages by that company, , her hours of work were scheduled by that company, and that she was not employed by Ferrara Bakery & Café, Inc. or Lepore, did not work under the direction and control of Ferrara Bakery & Café, Inc. or Lepore, was not paid wages by Ferrara Bakery & Café, Inc. or Lepore, was not hired or fired by Ferrara Bakery & Café, Inc. or Lepore, and that her hours of work were not scheduled by Ferrara Bakery & Café, Inc. or Lepore. Id.

Further, Plaintiff stated that she only sued Lepore because he was her "contact person" when seeking employment. Moreover, although Lepore hired her, Plaintiff set her own schedule and effectively ran the gelato department without much oversight or direct supervision.

These facts establish that there is a genuine issue of material fact as to whether Defendants jointly employed Plaintiff.

## POINT IV
## DEFENDANTS DID NOT VIOLATE THE WAGE THEFT PREVENTION ACT

Because Plaintiff was exempt and her federal claims must fail, this Court should not exercise supplemental jurisdiction over Plaintiff's claim under New York State law for a violation of the Wage Theft Prevention Act claim.

Moreover, it is preposterous that Plaintiff asserts she did not have notice of her pay rate and the employer's mailing address and telephone number. Plaintiff

---

to do so, the matters of fact contained in the requests for admission are deemed admitted. Coach, Inc. v. Horizon Trading USA Inc., 2012 U.S. Dist. LEXIS 160528, 11-12 (S.D.N.Y. Nov. 7, 2012); see SEC v. Batterman, No. 00 Civ. 4835 (LAP), 2002 U.S. Dist. LEXIS 18556, at *14 (S.D.N.Y. Sept. 30, 2002) ("Rule 36 admissions may be used for Rule 56 summary judgment.")

acknowledges that she was paid a weekly salary of $1,200 that did not change throughout her employment. Further, this payment was made by Ferrara Foods & Confections, Inc. via check. Thus, Plaintiff was fully aware not only of her weekly salary, but of her employers address and information. As to this issue, there is a genuine issue of material fact, and Plaintiff is not entitled to judgment as a matter of law.

## POINT V
## PLAINTIFF IS NOT ENTITLED TO FEDERAL AND STATE LIQUIDATED DAMAGES

Plaintiff is not entitled to both FLSA and New York liquidated damages. Based on Plaintiff's job duties, Defendants had a good faith basis to believe that Plaintiff was exempt from the FLSA and NYLL overtime pay requirements. Section 260 of FLSA provides that when an employer shows that the conduct giving rise to a FLSA violation was undertaken in good faith and that he had reasonable grounds for believing that his conduct was not unlawful, "the court may, in its sound discretion" lessen or dispense with the liquidated damages award. United States v. Sabhnani, 599 F.3d 215, 259-260 (2d Cir. N.Y. 2010) (citing 29 U.S.C. § 260). Accordingly, liquidated damages are not warranted.

WHEREFORE, Defendants Ferrara Foods & Confections, Inc., Ferrara Bakery & Café Inc., and Ernest Lepore, respectfully request that Plaintiff's partial motion for summary judgment be denied in its entirety.

Dated: February 19, 2013

**MILMAN LABUDA LAW GROUP PLLC**

By:/s/_____
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.