UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALISON MATTIA,                                  :
                                                :
            Plaintiff,             :
                                                :    12 CV 3972 (HB)
      - against -                             :
                                                :    <u>OPINION & ORDER</u>
FERRARA FOODS & CONFECTIONS, INC.,              :
FERRARA BAKERY & CAFE INC.; and                 :
ERNEST LEPORE, jointly and severally,           :
                                                :
            Defendants.            :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff Alison Mattia brings claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). On this motion, Plaintiff seeks partial summary judgment as to (1) Defendants' status as joint employers; (2) Defendants' knowledge of the hours Plaintiff worked; (3) whether Plaintiff was employed in a bona fide executive capacity; (4) Defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)(a); (5) Plaintiff's entitlement to liquidated damages; and (6) Plaintiff's entitlement to prejudgment interest under the NYLL. For the reasons that follow, Plaintiff's motion is GRANTED in part and DENIED in part.

BACKGROUND

      This dispute brings us squarely within the world of ice cream (in this case gelato) and cakes and with a dollop of Lewis Carroll. It centers on the facts surrounding Plaintiff's employment, the identity of her employers, her duties, and the amount of time she worked for one or more Defendants. Defendants in this action are Ferrara Foods & Confections, Inc. ("FFC"), Ferrara Bakery & Cafe Inc. ("FBC"), and Ernest Lepore, president of both FFC and FBC. FBC produces pastries, gelato, cakes, and other Italian foods. FBC also wholly owns FFC. By comparison, FFC produces confections, candy, and sweets. And Lepore, as president of both FFC and FBC, hired Plaintiff to produce gelato, among other duties related to gelato production. Upon her hire, Defendants never provided Plaintiff with a defined work schedule.

DISCUSSION

      "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kuebel v. Black & Decker Inc.*,

1

643 F.3d 352, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  In making its determination, the Court must "constru[e] the evidence in the light most favorable to the nonmoving party and draw[ ] all reasonable inferences in that party's favor."  *Id.*

**A.  Joint Employers**

First, Defendants ask that I find Plaintiff conclusively admitted that neither FBC nor Lepore employed her based on Plaintiff's alleged failure to timely respond to Defendants' requests for admission.  *See* Fed. R. Civ. P. 36(a)(3).  But given that the record does not indicate when Defendants' requests were actually served and Defendants have not claimed any prejudice, I will consider Plaintiff's response, served on December 13, 2012.  *See* Sherr Aff. Ex. 1; *Coach, Inc. v. Horizon Trading USA Inc.*, No. 11 Civ. 3535, 2012 WL 5451274 (S.D.N.Y. Nov. 7, 2012) (presumption of receipt established only where party provided evidence of mailing); *Beberaggi v. N.Y.C. Transit Auth.*, No. 93 Civ. 1737, 1994 WL 18556, at *2 (S.D.N.Y. Jan. 19, 1994) (under Rule 36 "the courts may forgive tardiness" where no prejudice is shown).

Without Plaintiff's supposed admissions, Defendants have not presented any evidence suggesting a genuine issue of material fact as to joint employment.  The FLSA's definition of an employer "sweep[s] broadly" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308 (S.D.N.Y. 2011) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008); 29 U.S.C. § 203(d)).  Whether a joint employment relationship exists depends on "'the circumstances of the whole activity[ ]' . . . viewed in light of 'economic reality.'"  *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003) (internal citations omitted).  Under this test, joint employment exists where "an entity has functional control over workers even in the absence of . . . formal control."  *Id.* at 72.

Here, Defendants at first concede that FFC employed Plaintiff and then that FFC was Plaintiff's only employer, not Lepore or FBC.  But Lepore's own testimony belies these claims. Indeed, Lepore expressly admitted that FBC employed Plaintiff during the relevant period.  Lepore Dep. 13:15–24.  And not only did FFC and FBC share the same space at 195 Grand Street, but both FFC and FBC also purchased the equipment Plaintiff used to make gelato at that location.  *See Zheng*, 355 F.3d at 72 (evidence that "a putative joint employer's premises and equipment are used by its putative joint employees" favors joint employment).  Further, there is no evidence that Plaintiff's work "shifts as a unit from one putative joint employer to another."  *See Barfield*, 537 F.3d at 147 (lack of evidence showing any shift to another joint employer supported joint

employment). Indeed, Plaintiff's work most benefited FBC, the only entity directly involved in gelato production. Thus Plaintiff's work was tied directly to FBC's operation. *See Zheng*, 355 F.3d at 73–74 (joint employment more likely "when employees are tied to an entity . . . rather than to an ostensible direct employer"). Even Lepore concedes that Plaintiff was hired only "to supervise the gelato program and department." Lepore Dep. 15:2–6. Based on these facts, no reasonable jury could find that Plaintiff enjoyed anything but an employer-employee relationship with FBC. The fact that only FFC's name appeared on Plaintiff's paychecks is of no moment given the substantial factors that weigh in favor of joint employment. "Curiouser and curiouser!"[1]

Further, Plaintiff also has demonstrated that Lepore is a joint employer. As the president of both FFC and FBC, Lepore hired Plaintiff, determined her wages, established her duties, and generally supervised her, even if direct supervision was only intermittent. Lepore also admitted that as president of both FBC and FFC, he has the final say regarding both entities' business decisions. Lepore Dep. 7:18–8:20. These factors indicate that Lepore thus possessed the power to control Plaintiff's work. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (power to hire, determination of wages, and occasional supervision sufficient for employer status). Accordingly, FFC, FBC, and Lepore are all joint employers for the purposes of the FLSA.

**B. Bona Fide Executive Capacity**

Plaintiff also asks that I find as a matter of law that her employment does not fall within the FLSA's exception for employees "employed in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1). To qualify for this exception, Plaintiff must (1) be "compensated on a salary basis at a rate not less than $455 per week"; (2) have the primary duty of "manag[ing] . . . the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof"; (3) "customarily and regularly direct[ ] the work of two or more other employees"; and (4) "ha[ve] the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554 (quoting 29 C.F.R. § 541.100(a)).

Issues of material fact prevent resolution at summary judgment of three of these four prongs. First, Plaintiff does not dispute that her salary was sufficient to pass the executive threshold. But resolution of the other three prongs turns on issues of credibility. Plaintiff claims that her primary duty was to produce only gelato. But affidavits of other employees attest to Plaintiff's status as a

---

[1] Lewis Carroll, Alice's Adventures in Wonderland 15 (MacMillan Co. ed., 1920) (1865).

manager of up to ten employees with hiring and firing authority.  Similarly, Plaintiff suggests that the employees involved in gelato production did not constitute a "customarily recognized department," but rather consisted only of temporary employees.  Yet other employees describe the gelato department as a more permanent fixture in Defendants' business.  As none of these credibility issues may be resolved at summary judgment, Plaintiff's motion is denied.  *See Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir. 2005) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." (quoting *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996))).

## C.  Plaintiffs' Hours

I turn next to Plaintiff's contention that she is entitled to summary judgment as to Defendants' knowledge of her hours worked because Defendants never set a schedule for her.  "[A]n employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work."  *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008).  But nothing in the record indicates that Plaintiff ever informed anyone of her actual hours.  And even if Lepore were indifferent to Plaintiff's schedule, there is no indication that Lepore or anyone else had reason to know Plaintiff's schedule or that her duties would necessarily require overtime work.  Accordingly, Plaintiff has not demonstrated Defendants' knowledge of her hours as a matter of law.

## D.  Wage Theft Prevention Act

Finally, as to Plaintiff's Wage Theft Prevention Act ("WTPA") claims, summary judgment is granted.  The WTPA requires that an employer, *inter alia*, "provide his or her employees, in writing" a variety of job-related information, including the employee's rate of pay, the names of any employers, and those employers' contact information. N.Y. Lab. Law § 195(1)(a).  Employees "may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-b).  Defendants do not dispute that written notice was never provided, and indeed Lepore testified at deposition that he was unaware of the WTPA's existence.  Lepore Dep. 141:21–23.  Instead, Defendants argue that Plaintiff had actual notice of the matters required to be disclosed in writing pursuant to the WTPA.  But even assuming actual notice, Defendants are not absolved of their obligation to provide written notice under the plain language of § 195(1)(a).  *Cf. Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011) (NYLL notice requirements are "strict"); *Hugo v. A&A Maint. Enter.*,

4

Case 1:12-cv-03972-HB Document 39 Filed 04/18/13 Page 5 of 6

*Inc.*, 268 A.D.2d 357, 357 (2d Dep't 2000) (distinguishing between actual and written notice under NYLL). Indeed, compliance with the WTPA's written notice requirements might have avoided some of the contested issues in this case, such as which entities actually employed Plaintiff. The amount owed to Plaintiff will be determined at a later stage of this litigation.

## CONCLUSION

Because Plaintiff has not yet established any violation of the FLSA or the NYLL, I need not consider Plaintiff's argument that she is entitled to state and federal liquidated damages and prejudgment interest in the event she does establish liability. For the foregoing reasons, Plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part. The Clerk of the Court is instructed to close this motion and remove it from my docket.

SO ORDERED.

Date: 4/18/13
New York, New York

HAROLD BAER, JR.
United States District Judge

5